[No. 21802. Department One. December 10, 1929.]

J. S. MINKOVE, *Respondent*, v. FRANK ISLANDER *et al.*, *Appellants.*[1]

*J. A. Kalina* and *T. M. Royce*, for appellants.

*Roberts, Skeel & Holman* and *Tyre H. Hollander* (*N. A. Pearson*, of counsel), for respondent.

PARKER, J.—The plaintiff, Minkove, commenced this action in the superior court for King county seeking recovery of damages claimed as the result of fraudulent representations made to him by the defendant Islander, inducing him, without consideration, to execute and deliver to Islander a series of twenty negotiable promissory notes. Trial upon the merits in that court, sitting without a jury, resulted in findings and judgment awarding to Minkove recovery against Islander, and against Islander and wife as a community obligation, in the sum of $900, from which they have appealed to this court.

For some time prior to April 19, 1926, Islander was claiming that Minkove was obligated to pay him the sum of $1,000. On that day, to satisfy that claim and demand, Minkove executed and delivered to Islander a series of twenty negotiable promissory notes, each

[1]Reported in 282 Pac. 913.

for the principal sum of $50, payable at different stated times. Soon thereafter, before maturity of any of the notes, Islander transferred all of them to an innocent holder for value. Being so transferred, Minkove had no defense against the notes as against such holder. Minkove compromised with the holder by paying him $900, and so obtained return of the notes. Thus, he was in the same situation as if Islander had obtained from him $900.

There is nothing calling for serious consideration touching the merits of this case other than questions of fact. The case was prosecuted in behalf of Minkove and decided by the trial court in his favor upon the theory that the notes were executed without any consideration to support them, and that Islander induced their execution by representations to, and fraudulent concealment of facts from, Minkove. The evidence well supports this theory as a sound basis for the judgment rendered by the trial court. We do not feel called upon to review the evidence in this opinion.

Contention is made in behalf of Islander and wife of certain trial rulings of the court claimed as prejudicial to their rights, which their counsel claim had the effect of excluding proof of one of their affirmative defenses. There may be some technical ground for this contention, if we look alone to what occurred at the beginning of the trial; but later it conclusively appeared in the trial that the affirmative defense in question was wholly unfounded in fact. Hence, any possible error so claimed was without prejudice.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.